UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-14467-CV-CANNON
MAGISTRATE JUDGE REID

ALGERNON MAURICE WEST,

        Plaintiff,

v.

MARK S. INCH, et al.,

        Defendants.

_____/

**REPORT OF MAGISTRATE JUDGE**

**I.   Introduction**

Plaintiff, **Algernon Maurice West**, while confined at the Martin Correctional Institution ("Martin C.I."),[1] filed this *pro se* civil rights Amended Complaint pursuant to 42 U.S.C. § 1983, for deliberate indifference to a risk of serious harm in violation of his rights under the Eighth Amendment of the United States Constitution.[2] *See* [ECF No. 10]. Plaintiff brings this case against Mr. Mark Inch, Secretary for the Florida Department of Corrections ("Mark Inch"),[3] Mr. Parker ("Officer Parker"), Mr. J. Holtz ("Assistant Warden Holtz"), Ms. White ("Officer White"),[4] and Mr. Gorman ("Officer Gorman"), in their individual and official capacities. [*Id.* at 2-3, 15].

---

[1] Plaintiff is no longer confined at Martin C.I. and is now at Santa Rosa Correctional Institution. [ECF No. 24].

[2] Plaintiff also claims that his rights were violated under the Fourteenth Amendment of the United States Constitution. However, Plaintiff is a convicted prisoner, and therefore, his claims for deliberate indifference to a risk of serious harm fall within the purview of the Eighth Amendment.

[3] This Defendant was docketed by the Clerk as "Michael Inch." However, Plaintiff correctly names this Defendant as "Mr. Mark Inch." [ECF No. 10 at 2].

[4] Plaintiff does not list Officer White as a Defendant in the "Defendant(s)" section of his Amended Complaint; however, he refers to Officer White throughout his Amended Complaint and lists her as a Defendant on page fifteen.

This case has been referred to the Undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-02. [ECF No. 2]. Because Plaintiff was a prisoner at the time of filing his Amended Complaint and is proceeding *in forma pauperis* [ECF No. 12], his Amended Complaint must be screened pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A. *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007).

Upon screening, as further discussed below, the Undersigned **RECOMMENDS** that Plaintiff's Amended Complaint [ECF No. 10] be **DISMISSED** against all Defendants pursuant to § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

## II. Plaintiff's Factual Allegations

As described in the Amended Complaint, Plaintiff states that he filed multiple grievances. [ECF No. 10 at 8]. However, Plaintiff has solely attached grievances and responses to his grievances to his initial Complaint. *See* [ECF No. 1]. Accordingly, for purpose of clarity, the Court will reference the relevant grievances and responses Plaintiff filed with his initial Complaint.[5] [*Id*. at 22-32].

Plaintiff alleges the following events occurred while he was a prisoner at Martin C.I. *See* [ECF No. 10]. On June 20, 2019, Plaintiff "was made to check in or be hurt [sic] because [he] was in a relationship with a gang member of the MS13[,] name[d] Macho[,] real name Damon Ramos." [*Id*. at 5]. Plaintiff claims that "[Macho] had to make [him] leave or he get hurt [sic] by his brother or the[y] make him hurt [Plaintiff]." [*Id*.]. Plaintiff claims that he "called the fixed camera as witness to show this happening[,] [sic] but the officials refused to provide the footage." [*Id*. at 6].

---

[5] The Undersigned takes judicial notice of the attached exhibits in Plaintiff's initial Complaint. *See* Fed. R. Evid. 201; *see also United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

Prior to June 20, 2019, Plaintiff "requested protection because more than [three] other gay inmates had been cut or stabbed by known gang members[,] which also led to [him] requesting the help of everyone with control of [his] life and health." [*Id*. at 19].

On July 28, 2019, Plaintiff wrote to Martin C.I.'s Inspector General "requesting [that] someone come talk to [him] because [he] felt [his] life or health was at risk"; however, Plaintiff did not receive a response. [*Id.* at 17]. On July 30, 2019, Plaintiff once again wrote the Chief Inspector General about his "life being at risk." [*Id*.]. On July 31, 2019, Plaintiff received a notice from the Chief Inspector General. [ECF No. 1 at 30]. The notice, stated in summary, that the Office of the Chief Inspector General had received Plaintiff's July 30, 2019 complaint, and after reviewing Plaintiff's concerns, his complaint was being referred to the "Inspector General for the Department of Corrections for review and action deemed appropriate." [*Id*.].

On August 21, 2019, Plaintiff wrote to the Florida Department of Corrections ("FDOC") head Inspector General, Lester Fernandez ("Inspector Fernandez"), but Inspector Fernandez did not send anyone to check on Plaintiff's "protection at one of Florida['s] wors[t] prisons." [*Id*.]. On August 23, 2019, Plaintiff "saw [the] mental health offices" and "was placed back on treatment for PTSD and depression." [*Id.*].

On August 27, 2019, Plaintiff received a response from the FDOC Bureau of Inmate Grievance Appeals. [ECF No. 1 at 24]. The response denied an appeal Plaintiff had previously filed. [*Id*.]. On August 28, 2019, Plaintiff refused to leave confinement and go to the compound to "be hurt." [ECF No. 10 at 19]. Plaintiff was told he would receive a "DR Report for refusing" to leave confinement. [*Id.*]. He wrote grievances to the Warden and to the Governor about his "life being at risk." [*Id.*]. Plaintiff's last grievance was filed on August 29, 2019. [ECF No. 1 at 27-28].

Plaintiff was eventually required to return to the compound, and on October 30, 2019, "in front of the F-Dorm on the grass" he "was almost stabbed by inmate, Damaso Ramos [a/k/a] Macho." [ECF No. 10 at 19]. Plaintiff claims that this was the same inmate he requested protection from on June 20, 2019. [*Id*. at 5, 19].

As to Defendant Mark Inch, Plaintiff alleges he "was the last person to review his protection management request." [*Id*. at 15, 17]. He also states that on August 23, 2019, Officer White told Plaintiff that Mark Inch had "denied [his] protection and that [Plaintiff] was being released to the compound." [*Id*. at 19]. Plaintiff appealed a grievance he filed and asserts that Mark Inch "chose not to review [his] inmate file [or] any appeal to see that [Plaintiff had] a history of being harassed, assaulted[,] and threaten[ed] on more than on occasion." [*Id.*]. Specifically, Plaintiff refers to an assault that occurred in April 2012 at Gulf Correctional Institution. [*Id*.].

As to Officer Parker, Plaintiff asserts that he "had the duty to review ICT board[] findings and still . . . denied Plaintiff's protection request. [*Id*. at 15, 17]. Plaintiff also claims that on July 22, 2019, Officer White informed him that Officer Parker also refused to grant him protection. [*Id*. at 17]. He contends that if Officer Parker had checked Plaintiff's paperwork, and should have either transferred him or put him in a protective management unit. [*Id.*]. Instead, Plaintiff claims that Officer Parker "chose to place [him] back on the compound and overlook the laws in Ch. 33-602.220." [*Id*.].

As to Assistant Warden Holtz, Plaintiff asserts that as "the head ICT board member[,] [he] was supposed to review all paperwork . . ." to see that Plaintiff had a "history" and should have been given protection." [*Id*. at 15, 17]. Plaintiff claims that he refused to grant him protection even after he "had already agreed to lockdown the prison because of the stabbings" that had occurred in the last couple of months. [ECF No. 10 at 17]. Plaintiff claims that Assistant Warden Holtz's

4

actions led to him "almost being stabbed." [*Id.*]. He also claims that he wrote grievances to the Warden and to the Governor about his "life being at risk." [*Id.*].

As to Officer Gorman, Plaintiff claims that as an "ICT board member[,] . . . [he] did not take [Plaintiff's] threat from other inmates as a real one and denied [Plaintiff's] PM[6] request." [*Id.* at 15, 17]. Plaintiff contends that he "knew of the issues that had been going on for . . . months involving the gays being hurt by gang members, but still agreed to deny [Plaintiff]." [*Id.* at 17].

As to Officer White, Plaintiff claims that as an "ICT board member[,] . . . [she] had the duty to go over [Plaintiff's] inmate file and tell the team about [his] history of being hurt and harassed by other inmates[,] but still agreed to deny [Plaintiff's] PM request." [*Id.* at 15, 17]. Plaintiff alleges that on or about July 18, 2019 or July 19, 2019, she denied him protection which "almost led to [Plaintiff] being hurt once again." [*Id.* at 17]. Plaintiff alleges that Officer White failed to review Plaintiff's file, which would have revealed that Plaintiff "was an inmate that kept getting into problems because of [his] lifestyle." [*Id.*].

As for injures, Plaintiff claims that all of his "injuries are mental as he was not able to [be] stabbed because [he] ran[,]" but that being "placed back under mental health treatment is worse than being stabbed." [*Id.* at 6]. He also claims that he is "having mental problems again all because [he] want[s] help from inmates that are trying to bring [him] problems to [his] life." [*Id.* at 19].

As for relief sought, Plaintiff requests (1) "actual damages for [his] mental disorder . . ."; (2) "to be placed on protective management unit or sent to another state prison . . ."; (3) and to have his "gain time restored and the holds tak[en] off [his inmate account] [or] for the [Florida Department of Corrections] to pay the costs for [him]." [*Id.* at 6].

### III. Standard of Review

---

[6] "PM" is an acronym for Protective Management.

5

To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (citation omitted). Under both 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A, a complaint must be dismissed if the court determines that the complaint fails to state a claim upon which relief can be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). When reviewing the complaint, the court takes the allegations made as true. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the court may dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright*, 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017)). Although a *pro se* pleading is liberally construed, it still must "suggest that there is some factual support for a claim." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Finally, under section 1915(e)(2)(B)(ii), courts must dismiss as frivolous claims that are "based on an indisputably meritless legal theory . . ." or "whose factual contentions are clearly baseless." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

**IV. Discussion**

1) Deliberate Indifference: Failure to Protect

   *A) Applicable Law*

Liberally construing Plaintiff's Amended Complaint, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), he brings claims against Defendants for deliberate indifference to a risk of serious harm in violation of the Eighth Amendment. "A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment if he is deliberately indifferent to a substantial risk of serious harm to an inmate who suffers injury." *Lane v. Philbin*, 835 F.3d 1302, 1307 (11th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 828, (1994)).

To state an Eighth Amendment failure to protect claim, "a plaintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014) (citation omitted). "When examining the first element--a substantial risk of serious harm--the court uses an objective standard." *Id.* (citation omitted).

"The second element--the defendant's deliberate indifference to that risk--has two components: one subjective and one objective." *Id.* To satisfy the subjective component, a plaintiff must produce evidence that the defendant "actually subjectively knew that an inmate faced a substantial risk of serious harm." *Id.* (alterations omitted) (citation omitted). To satisfy the objective component, a plaintiff must produce evidence that the defendant disregarded that known risk by failing to respond to it in an objectively reasonable manner. *See id.*

"With regard to the subjective component of the second element--i.e., the defendant's actual knowledge that an inmate faced a substantial risk of serious harm--the defendant must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. 1099-1100 (citation omitted).

7

A) *Legal Analysis as to each Defendant (Individual Capacity)*

Here, Plaintiff fails to show that Defendants Officer Parker, Assistant Warden Holtz, Officer White, Officer Gorman, and Mark Inch, individually, were deliberately indifferent to a substantial risk of serious harm. First, Plaintiff has not alleged that he suffered any actual injury. He alleges that he was almost stabbed. *See Lane*, 835 F.3d at 1307. "The law is clear that an inmate must demonstrate an 'actual injury' when alleging a constitutional violation." *Newman v. Duncan*, No. 04CV395(TJM/DRH), 2007 WL 2847304, at *5 (N.D.N.Y. Sept. 26, 2007) (citations omitted); *see also Waters v. Caldwell*, No. 3:20-CV-064-DCLC-DCP, 2020 WL 999823, at *3 (E.D. Tenn. Mar. 2, 2020) ("Plaintiff does not allege that he suffered any physical injury due to this attempted assault on February 7, 2020, [therefore,] his claims for monetary relief arising therefrom fail to state a claim upon which relief may be granted.").

Moreover, Plaintiff's allegations as to these Defendants are vague and conclusory and he fails to provide examples that these Defendants were subjectively aware that he faced a substantial risk of serious harm. *See Caldwell*, 748 F.3d at 1099. The grievance response attached to his complaint showed that the prison investigated his concerns and found no need for protective measures. Plaintiff filed complaints to the FDOC Bureau of Inmate Grievance Appeals ("BIGA"), which were investigated. *See* [ECF No. 1 at 24]. Specifically, Plaintiff received a response on August 27, 2019, which stated, in summary, that Plaintiff's request for protection and subsequent investigation was reviewed with a finding that Plaintiff "provided no substantial evidence to show a need for special protective measures above and beyond . . . normal security operations." [*Id*. at 24]. The response also stated that Martin C.I. was contacted "regarding the nicknames" Plaintiff provided, and "[n]o inmate could be positively identified . . . ." [*Id*.]. Plaintiff's final grievance was filed on August 29, 2019. [ECF No. 1 at 27-28].

The August 27, 2019 response from the BIGA supports a finding that Defendants were not aware of a subjective knowledge of a risk of serious harm as (1) Plaintiff's complaints were investigated and the BIGA could not identify any individuals; and (2) the purported attempted stabbing occurred on October 30, 2019, over two months after Plaintiff filed his last grievance and allegedly notified Defendants of threats of harms.

"The unfortunate reality is that 'threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm.'" *Marbury v. Warden*, 936 F.3d 1227, 1236 (11th Cir. 2019) (quoting *Prater v. Dahm*, 89 F.3d 528, 542 (8th Cir. 1996)) (upholding "dismissal of or summary judgment against deliberate-indifference claims where, although a plaintiff told prison officials about a threat by another inmate or inmates, the prison officials were not deliberately indifferent to a *substantial* risk of harm.")

Plaintiff's allegations of generalized fear alone are not sufficient to state a failure to protect claim against these Defendants. *See Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) ("before Defendants' awareness arises to a sufficient level of culpability, there must be much more than mere awareness of [an inmate's] general problematic nature"). For a defendant to have knowledge of a risk of harm, there "must be 'a strong likelihood [of injury,] rather than a mere possibility,' before an [official's] failure to act can constitute deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (quoting *Edwards v Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989)). Accordingly, Plaintiff's allegations are insufficient to put Defendants on notice and allow the Court to draw a plausible inference that (1) Defendants would be aware of the October 30, 2019 attempted assault prior to its occurrence; or (2) that Defendants would be aware of facts from which an inference could be drawn and drew the inference that a substantial risk of serious harm existed.

Thus, Plaintiff has failed to state a claim upon which relief may be granted against Defendants Officer Parker, Officer White, Assistant Warden Holtz, Officer Gorman, and Mark S. Inch, individually, for deliberate indifference to a risk of serious harm.

2) Official Capacity

To the extent Plaintiff seeks to sue each Defendant in their official capacity, his claims are subject to dismissal under § 1915(e). Plaintiff has provided only vague and conclusory allegations to support his official capacity claims against all Defendants. Under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978), a plaintiff can only pursue official capacity claims if there was an unofficial policy or custom that caused a constitutional violation. *See Walker v. City of Calhoun, Ga.*, 901 F.3d 1245, 1255 (11th Cir. 2018) (citing *Monell*, 436 U.S. at 690-91). Because Plaintiff's allegations against Defendants in their official capacity are vague and conclusory and he fails to state a constitutional claim against each Defendant individually, Plaintiff fails to state a claim upon which relief may be granted against Defendants in their official capacity.

3) Injunctive Relief

Plaintiff seeks "to be placed on protective management unit or sent to another state prison." [ECF No. 10 at 6]. Plaintiff is no longer confined at Martin Correctional Institution, the institution where the alleged attempted stabbing occurred. Plaintiff filed a change of address on December 17, 2019, stating that he had been transferred to another prison [ECF No. 7] and on September 3, 2020, stating he is presently at Santa Rosa Correctional Institution. [ECF No. 24].

Claims for injunctive and declaratory relief are prospective in nature, and are intended to prevent future injuries. *See Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007), *abrogated on other grounds by Sossamon v. Texas*, 563 U.S. 277, 131 (2011). "When the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer

needs protection from future injury." *Adler v. Duval Cty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997).

Accordingly, "[t]he general rule . . . is that a transfer or release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief." *Smith*, 502 F.3d at 1267, *abrogated on other grounds by Sossamon*, 502 F.3d at 1267 (citing *Mckinnon v. Talladega Cnty.*, 745 F.2d 1360, 1363 (11th Cir. 1984)); *see also Spears v. Thighpen*, 846. F.2d 1327, 1328 (11th Cir. 1988) (explaining that an inmate's § 1983 claim for injunctive and declaratory relief are moot once the inmate has been transferred); *see also Rau v. Moats*, 772 F. App'x 814, 817 (11th Cir. 2019).

Therefore, injunctive relief to prevent future harm to him is unnecessary at this juncture.

4) <u>Additional Claims</u>

Plaintiff alleges that Officer White, Officer Gorman, Officer Parker, Assistant Warden Holtz, and Mark Inch violated "Chapter 33-602.220" of the Florida Administrative Code. [ECF No. 10 at 15, 17]. While Plaintiff's claims do not create an independent cause of action, a liberal construction of Plaintiff's Amended Complaint illustrates an attempted due process claim based on Defendants alleged failure to follow FDOC policies and procedures pursuant to the Florida Administrative Code.

However, § 1983 permits recovery for only deprivations of a person's rights, privileges, or immunities secured by the federal Constitution or federal law. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). "Violations of a state agency's administrative policy are not actionable under § 1983." *Summerall v. Quinn*, No. 3:16CV455/RV/EMT, 2017 WL 6887006, at *8 (N.D. Fla. Dec. 6, 2017), *report and recommendation adopted*, No. 3:16CV455/RV/EMT, 2018 WL 356188 (N.D. Fla. Jan. 9, 2018).

Accordingly, a long line of Supreme Court decisions hold that a violation of state administrative or procedural law does not, of itself, give rise to a due process claim. *See, e.g.*, *Sandin v. Conner*, 515 U.S. 472, 482 (1995) (decrying the notion that a violation of state prison regulations provides a basis for a procedural due process claim because it "creates disincentives for States to codify prison management procedures").

Therefore, any alleged failure to follow FDOC policy and procedure did not violate Plaintiff's due process rights, and Plaintiff has failed to state a claim on which relief may be granted.

5) <u>Federal Habeas Corpus</u>

Lastly, Plaintiff also seeks to have his "gain time restored." [ECF No. 10 at 6]. To the extent Plaintiff is challenging the duration of his confinement, this challenge should be brought in a habeas petition. "It is well established that an inmate in state custody 'cannot use a § 1983 action to challenge the fact or duration of his confinement' and instead must seek federal habeas corpus or appropriate state court relief." *Maps v. Miami Dade State Attorney*, 693 F. App'x 784, 786-87 (11th Cir. 2017) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)); *see also Green v. Cunningham*, No. CV418-210, 2018 WL 6310269, at *3 (S.D. Ga. Dec. 3, 2018), *report and recommendation adopted*, No. CV 418-210, 2019 WL 136991, at *1 (S.D. Ga. Jan. 7, 2019). Thus, to the extent Plaintiff challenges the duration of his confinement, this suit would not be the proper vehicle for Plaintiff's requested relief, and he must file a habeas petition.[7]

---

[7] Section 2254 . . . applies to a subset of those to whom § 2241(c)(3) applies—it applies to "a person in custody *pursuant to the judgment of a State court*" who is "in custody in violation of the Constitution or laws or treaties of the United States." *Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004) (quoting 28 U.S.C. § 2254(a)).

## V. Recommendations

Based upon the foregoing, it is **RECOMMENDED** that Plaintiff's Amended Complaint [ECF No. 10] be **DISMISSED** against Defendants Officer White, Officer Gorman, Officer Parker, Assistant Warden Holtz, and Mark Inch, in their individual and official capacities, pursuant to § 1915(e)(2)(B)(ii).

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**SIGNED** this 5th day of January, 2021.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **Algernon Maurice West**
H14565
Santa Rosa Correctional Institution
Inmate Mail/Parcels
5850 East Milton Road
Milton, FL 32583
PRO SE